NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0420n.06

No. 07-2252

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
**Jun 11, 2009**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,              )
                                         )
v.                                       )   ON APPEAL FROM THE UNITED
                                         )   STATES DISTRICT COURT FOR
REAL PROPERTY 6185 BRANDYWINE DRIVE,     )   THE EASTERN DISTRICT OF
HOLLY, GROVELAND TOWNSHIP, OAKLAND       )   MICHIGAN
COUNTY, MICHIGAN,                        )
                                         )
    Defendant,                       )
                                         )
                                         )
JOHN KEITH BLAKELY; JOHN EMMETT LONG,    )
                                         )
    Defendants-Appellants.           )

Before: MARTIN and KETHLEDGE, Circuit Judges; and WATSON, District Judge.[*]

PER CURIAM. Following an investigation by the Internal Revenue Service in 1991-92, appellants John Keith Blakely and John Emmett Long were each charged both criminally and civilly with tax evasion and violations of federal currency-structuring law. The civil charges were eventually resolved by means of a stipulation pursuant to which appellants agreed to forfeit property worth several million dollars. The district court approved the stipulation and entered a consent judgment accordingly. In the years that followed, appellants filed a series of motions seeking to

---

[*] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

invalidate the consent judgment under Fed. R. Civ. P. 60(b). The district court has denied all of those motions.

Appellants now appeal the denial of their seventh such motion, making essentially the same arguments they made in support of their prior motions, namely that the consent judgment lacked a sufficient factual foundation. We rejected those same arguments—*sans* some of their current hyperbole—in appellants' prior appeal of the denial of their prior Rule 60(b) motions. *See United States v. Real Property 6185 Brandywine Drive*, 66 Fed. Appx. 617 (6th Cir. 2003). We also rejected those same arguments, albeit on procedural grounds, in a related civil case brought by appellants. *See Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002).

The district court saw no reason to reopen the case based upon appellants' reiteration of these arguments in their latest Rule 60(b) motion; and neither do we. We therefore affirm the district court's order denying the motion.